IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------
BANGKOK BANGKOK IMPORT & EXPORT INC.

      Plaintiff

             V.

JAMTAN AFRICAN AMERICAN MARKET CORP.,
JAMTAN TRADING CORP.,
AMADO DJALO a/k/a AMADOU JALLO

                            JURY TRIAL
                            DEMANDED

      Defendants
--------------------------------------------------------

VERIFIED COMPLAINT

This is an action arising under the Trademark Act, 15 USC 1114 et seq.; jurisdiction is proper under 15 USC 1121 and 28 USC 1367(a).

Plaintiff, by its attorney, as its complaint of trademark infringement and federal and state unfair competition against defendants, avers as follows:

Parties

1.    Plaintiff is a New York corporation having its principal place of business at 22 Clinton Avenue, Brooklyn, New York.  Plaintiff is in the business of importing, distributing and selling rice to Thai, African, Chinese, Vietnamese and other Asian stores and restaurants in New York, New Jersey, Connecticut, and Pennsylvania.

2.    Plaintiff used and registered the trademark Three Elephant Device on bags of jasmine rice imported and sold to its customers.  Said

Three Elephant Device was registered on January 7, 1997 under No. 2, 028, 577 for "rice and glutinous rice."

3.     Plaintiff filed a combined affidavit under Sections 8 and 15 of the Trademark Act, 15 USC 1058, to keep said registration No. 2, 028, 577 in full force and under Section 15 of theTrademark Act, 15 USC 1065 and 1115(b) making said registration incontestable.

4.     Jasmine rice bearing the Three Elephant design is plaintiff's principal source of income due to the goodwill associated with that particular design and packaging for its high quality jasmine rice.

5.     Plaintiff does business as "Bangkok Market" and it is known by retailers, jobbers, distributors and restaurants by that name.

6.     Defendant Jamtan African American Market Corp. is a New York corporation located at 1473B and 1479 Westchester Avenue, Bronx, New York 10472 and is in the business of importing, distributing and selling foods including jasmine rice to the African and Asian market including numerous retailers in New York City.

7.     On information and belief, defendant Jamtan African American Market Corp is owned by defendant Amadou Jalloh and said corporation (hereafter "Jamtan Market") is controlled and managed by defendant Amado Djalo a/k/a Amadou Jalloh (hereafter "Jalloh").

8.     Defendant Jalloh, has directed, supervised, aided, abetted, contributed to and participated in the infringing acts complained of herein and conspired with defendant Jamtan Market in the infringement and unfair competition complained of herein.

9.     Defendant Jalloh is an individual who, on information and belief,

resides at 1050 Elder Avenue, Bronx, New York 10472 and is an officer, director and shareholder of Defendant Jamtan Market.

10.    Defendant Jamtan Market was incorporated in New York on April 15, 2010; some 30 years after plaintiff's first use of the Three Elephant design in connection with the sale of jasmine rice.

11.    Defendant Jamtan Trading Corp.  (hereafter "Jamtan Trading") is a New York corporation located at 1214 Westchester Avenue, Bronx, New York 10459-2506.

12.    Defendant Jamtan Trading was incorporated in New York on April 9, 2003.

13.     Defendant Jamtan Trading is engaged in the business of importing and distributing goods including rice in the United States.

14. On information and belief, defendant Jamtan Trading is owned and controlled by the same individual who owns and controls Jamtan Market, namely, Amado Djalo a/ka Amadou Jalloh.

15. Defendant Jalloh has directed, supervised, aided, abetted, contributed to and participated in the infringing acts complained of herein and conspired with defendant Jamtan Trading in the infringement and unfair competition complained of herein

16.    Defendant Jamtan Market and Defendant Jamtan Trading sell jasmine rice bearing a colorable imitation of Plaintiff's trademark and trade dress to retailers in the counties of Bronx, New York and Kings which in turn is resold to consumers in this judicial district.

17.    Defendants and plaintiff sell jasmine rice in two forms: 1) whole grain jasmine rice sold in 25 pound bags with a green graphic layout and 2)

broken jasmine rice sold in bags with a blue graphic layout.

18. Plaintiff's graphic showing a blue three elephant design for broken kernels of jasmine rice and Three Elephant jasmine rice is unique to plaintiff and has been copied and imitated by defendants to create the erroneous impression that the two related products originate with, or are sponsored by the same company, namely Bangkok Market.

19. Both bags show:   a) three elephants, the elephants are standing on a pedestal b) both bags use the words "elephant" and "brand"   c) three identically posed and positioned elephants appear in both designs   d) both elephant designs are printed in solid colors  e) both bags use identical Chinese characters on the right side of the three elephant designs.

*The two products are shown in the photograph reproduced below.*





Counterfeit                                        Genuine





Counterfeit                                    Genuine

Factual Background

20.     Three Elephant brand jasmine rice was first used in the United States by Anan Import & Export Inc. in 1979 and became extremely popular among the consuming public and trade.  Three Elephant Brand has been continuously used for 35 years on Plaintiff's high quality Grade A jasmine rice imported from Thailand.

21.     In 1993 plaintiff Bangkok Bangkok Import & Export Inc. was formed by the brother of the deceased owner of Anan Import & Export Inc. and Plaintiff assumed importation and sale of Three Elephant rice in the United States.  In 1995 plaintiff applied for federal registration of the Three Elephant device and Registration No. 2,028,577 was issued to plaintiff Bangkok Bangkok Import & Export Inc. doing business as Bangkok Market.

22.     Due to a docketing error, plaintiff's federal registration lapsed due to failure to file a renewal application although the Three Elephant mark was in fact in continuous use and has been in continuous use by plaintiff in interstate commerce since 1979.  This error was corrected and a new federal trademark application for the Three Elephant design has been accepted and by the United States Patent and Trademark Office and awaits printing of the Certificate of Registration.

23.     Sales of the Three Elephant rice have increased steadily over the years and plaintiff's sales exceed many millions of dollars.  As a result of its high quality and popularity the Three Elephant trademark together with its trade dress is associated with plaintiff by the trade and public.  Plaintiff's product is referred to as "three elephant brand", "3 elephant brand" and simply "three elephant" rice.

24. Defendants Jamtan Market and Jamtan Trading were regular customers over at least the last two years, having repeatedly purchased Three Elephant jasmine rice from plaintiff for resale.  Said defendants repeatedly sent buyers to Plaintiff's warehouse and offices in Brooklyn to make such purchases.

25.    On information and belief, defendant Jalloh has personally visited plaintiff's offices and warehouse and made purchases of the plaintiff's Three Elephant jasmine rice.

26.    In the March 2016 plaintiff learned that some retailers were replenishing their inventory of jasmine rice with Three Elephant branded rice which had not been sold by either plaintiff or its jobbers.  Upon examination of this product at retail stores previously selling plaintiff's Three Elephant rice, plaintiff found Three Elephant rice which was in counterfeit bags bearing plaintiff's registered trademark and using trade dress nearly identical to that established by Plaintiff in the rice market for the preceding 35 years.

27.    The rice contained within the counterfeit bags is on information and belief Grade B jasmine rice rather than Grade A rice.  Grade A rice as imported by plaintiff is higher quality and more expensive than Grade B.

28.    Further checks in the marketplace in New York City showed that other retail stores were now selling the defendants' counterfeit rice.  On information and belief, the distributors of the counterfeit rice are defendant Jamtan African American Market Corp., and Jamtan Trading, each of which is owned and controlled by defendant Jalloh.

29.    On information and belief the importer of the counterfeit rice is defendant Jamtan Market or Jamtan Trading or both, each of which is

owned, managed and directed in its infringing activities by defendant Jalloh.

30.    The counterfeit bags of rice duplicate plaintiff's rice bag and graphics in almost every respect; the two are distinguishable only by the bar code on the counterfeit bags.

31.    The overall impression of the trade dress of defendants' jasmine rice bags together with a reproduction of Plaintiff's Three Elephant trademark is that the defendants' rice has as its origin and source the plaintiff company.

32.    The plaintiff has no adequate remedy at law and unless enjoined by this court, defendants threaten to destroy the goodwill of the plaintiff's business and to cause the business of plaintiff to fail.

COUNT ONE - FALSE DESIGNATION OF ORIGIN; FALSE DESCRIPTIONS

33.    This is a cause of action under 15 USC 1125(a) for a false designation of origin and each and every averment made above is incorporated by reference as if set forth here in full.  Jurisdiction is proper under 15 USC 1121.

34.    Defendants and each of them have in connection with goods, and containers for goods used in commerce the trademark design of plaintiff's Three Elephant mark and the distinctive trade dress in combination with each other, and reproduced the trade dress of plaintiff in a knowing and intentional act of copying plaintiff's bag for rice; such use :

(A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of defendants with Plaintiff, or as

to the origin, sponsorship, or approval of defendants' goods, services, or commercial activities by plaintiff, or

(B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of defendants' goods, services, or commercial activities.

33.     Plaintiff has been damaged by the foregoing violations of Section 1125(a) in that its goodwill in its name and its trademark Three Elephant Device has been usurped and taken beyond its control, it has suffered  lost profits, and defendants have willfully created a marketplace in which the genuine and counterfeit goods are indistinguishable which can cause customers to buy no goods bearing a Three Elephant Device for fear of purchasing inferior goods.

## COUNT TWO - TRADEMARK COUNTERFEITING

34.     This is a cause of action for trademark counterfeiting under 15 U.S. Code Sections, 1114(1)(a) and 1116 (d) and each and every averment made above is incorporated by reference as if set forth here in full. Jurisdiction is proper under 15 USC 1121.

35.     Defendants and each of them have caused rice bearing the trademark of plaintiff which is registered on the principal register in the United States Patent and Trademark Office for rice, to enter commerce in connection with the sale, offer for sale and distribution of rice; and have caused said bags of rice to bear a spurious designation which is identical

with, or substantially identical with, or substantially indistinguishable from, a plaintiff's trademark and  to which the remedies of the Trademark Act apply. Said importation, distribution, and sale is without the consent of plaintiff and such goods carry a trademark and trade dress, which is indistinguishable from the genuine goods imported, distributed and sold by plaintiff under its registered  trademark.

36.     By virtue of the foregoing, defendants have violated Section 1114(1)(a) and plaintiff demands seizure of the counterfeit goods, injunctive relief against importation and sale of the said counterfeit goods, and damages.

## COUNT THREE - FEDERAL TRADEMARK INFRINGEMENT

37.     This is a cause of action for trademark infringement under 15 USC 1114(1) (a) and (b) and each and every averment made above is incorporated by reference as if set forth here in full.  Jurisdiction is proper under 15 USC 1121 and 1116.

38.     Defendants Jamtan Market, Jamtan Trading, and Jalloh have with prior knowledge of plaintiff's registered trademark, instructed the creation of rice bags bearing a reproduction of the plaintiff's registered Three Elephant trademark and through the participation of defendants Jamtan Market and Jamtan Trading and each has imported, warehoused then sold and distributed said bags in New York.

40.     The defendants' bags of rice are intended by each of the defendants to deceive purchasers into the erroneous belief that said rice has its origin with or is sponsored by plaintiff.  Sale of the accused bags by defendants is likely to cause confusion, or to cause mistake as to source of the goods, their origin and the quality of the rice contained therein.

41.     Defendants and each of them, without the consent of plaintiff, have reproduced, copied, and colorably imitated plaintiff's registered trademark of the Three Elephants Device on bags, packages, and in advertising of rice and such use is likely to cause confusion or to cause mistake or to deceive purchasers as to the origin, source or sponsorship of said rice.

42.     Each of the acts described in all of the preceding paragraphs herein have been with knowledge that such imitation is intended to be used to cause confusion, or to cause mistake or to deceive.

COUNT FOUR

MISAPPROPRIATION AND UNFAIR COMPETITION UNDER COMMON LAW

43.     This is a cause of action under the common law of the State of New York and each and every averment made above is incorporated by reference as if set forth here in full.   Jurisdiction is proper under 28 USC 1367(a).

44.     Defendants have reproduced an indistinguishable copy of the

trade dress of plaintiff which has been used by it and its predecessor company for thirty five years.  Defendants' copy of plaintiff's bag includes plaintiff's trademark Three Elephant device and well as plaintiff's trade dress bag layout and design which has been continuously used by plaintiff and its predecessor for thirty five years for Grade A jasmine rice.

45.     Defendants' have dressed their copies using the same design and have used the identical words and Chinese, Thai and Vietnamese descriptions of the goods in an attempt to pass of defendants' goods as those known to have their origin with plaintiff.  It is the intention of the defendants to deceive the public into buying their rice products erroneously believing that these originate with plaintiff.

46.     Said actions of intentional passing off and misappropriation of plaintiff's trademark and proprietary rights violate plaintiff's trademark and trade dress rights under the common law of the State of New York.

47.     Plaintiff demands a trial by jury on all issues so triable.

WHEREFORE, plaintiff prays for relief as follows:

As to all counts, plaintiff demands an injunction, preliminarily and permanently enjoining defendants and each of them from importing, distributing, advertising or selling any goods bearing the same or similar trademark to plaintiff's registered Three Elephants Device;

As to Count One - False Designation of Origin 15 USC1125(a), recovery of defendants' profits, three times all damages sustained by

plaintiff, costs of the action, reasonable attorney fees together with prejudgment interest.

As to Count Two for counterfeit trademark infringement, plaintiff demands

(A)   An order for the seizure of goods and counterfeit marks and the means of making such marks, and records documenting the manufacture, importation, sale or receipt of all goods bearing the counterfeit trademark version of the Three Elephant Device;

(B)    Judgment for three times such profits or damages, whichever is greater, together with a reasonable attorney fee and prejudgment interest; or in the alternative, statutory damages of not less than $1,000,000.00, together with a reasonable attorney fee together with prejudgment interest.

As to Count Three, recovery of defendants' profits, three times all damages sustained by plaintiff, costs of the action, reasonable attorney fees together with prejudgment interest.


As to Counts One, Two and Three, an order that all labels, signs, packages, wrappers, receptacles, and advertisements in the possession of defendants bearing the Three Elephant trademark and in the case of a violation of 15 USC 1114 et seq. any reproduction, counterfeit, copy or colorable imitation of the trademark, trade name or trade dress of plaintiff, and all plates, molds, matrices, and other means of making same, be

delivered up and destroyed.

**As to Count Four**, recovery of defendants' profits, all damages

sustained by plaintiff, costs of the action, reasonable attorney fees together

with prejudgment interest.

Dated: April 8 , 2016

BANGKOK BANGKOK IMPORT & EXPORT INC.
By its attorney,

Richard E. Bennett   REB #9836
520 La Guardia Place
New York, NY 10012-1463
212-727-1185
Attorney for Plaintiff

## VERIFICATION

State of New York    )

County of Kings      ) ss.:

KITCHA PEECHAPHAND, being duly sworn, states: I am the President

of Bangkok Bangkok Import & Export Inc., plaintiff herein and I have read

the foregoing complaint and know its contents.  The complaint is true to my

knowledge, except as to matters alleged on information and belief, and as to

those matters,  I believe them to be true.

KITCHA PEECHAPHAND

Sworn and subscribed to before me

on this 8  th day of April, 2016

Notary Public

Qualified in New York County
Notary Public State of New York
No. 02 BE5003402
Commission Expires October 18, 2018