UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

BANGKOK BANGKOK IMPORT & EXPORT INC.,

        Plaintiff,

    -against-                              No. 16 Civ. 2657 (CM)

JAMTAN AFRICAN AMERICAN MARKET CORP.,
JAMTAN TRADING CORP.,
AMADO DJALO a/k/a AMADOU JALLO,

        Defendant.
----------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/17/16

## MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION AND DIRECTING PLAINTIFF TO SHOW CAUSE WHY THE COMPLAINT SHOULD NOT BE DISMISSED

McMahon, J.:

Before the court is Plaintiff Bangkok Bangkok Import & Export Inc.'s ("Bangkok" or "Plaintiff") motion for a preliminary injunction to enjoin Jamtan African American Market Corp. ("Jamtan Market"), Jamtan Trading Inc. ("Jamtan Trading"), and their owner Amado Djalo (collectively, "Defendants") from selling bags of rice bearing what Plaintiff alleges is a colorable imitation of Plaintiff's trademark and trade dress.

Defendants, in turn, have moved to dismiss Counts II and III of the Complaint, as well as all counts as alleged against Defendant Amado Djalo individually for failure to state a claim.

For the reasons that follow, Plaintiff's motion for a preliminary injunction is denied, and Plaintiff is directed to show cause by July 1, 2016 why the Complaint should not be dismissed in its entirety.

1

## BACKGROUND

Plaintiff is a New York corporation that imports, distributes, and sells rice to stores and restaurants in New York, New Jersey, Connecticut, and Pennsylvania. (Compl. ¶ 1.) Plaintiff's rice ("Three Elephants rice") is sold in bags bearing a logo of three elephants on a platform, with a tiered roof positioned over their heads. Plaintiff sells its Grade-A jasmine rice in a bag with a green logo and its "broken rice" in a bag with a blue logo, as shown below:



(Kavin Aff., Docket # 19-1, at 9-10).

Plaintiff registered the "Three Elephant Device" trademark (the "Three Elephants mark") with the U.S. Patent and Trademark Office ("PTO") on January 7, 1997 (*Id.* ¶¶ 2-3.), but failed to file a renewal application. The mark was cancelled on October 13, 2007. (PTO Record, Docket # 16, Ex. A.; *see also* Compl. ¶ 22.) In January of this year, Plaintiff sought to reregister its mark. The PTO issued a Certificate of Registration on May 3, 2016 – nearly a month after Plaintiff filed this lawsuit. (Docket #20 at 2.)

Defendants Jamtan Market and Jamtan Trading have purchased Three Elephants rice from Plaintiff for the last two years. (Compl. ¶ 24.)

In March 2016, Plaintiff learned that various retailers were buying jasmine rice that appeared to be Three Elephants rice from some other source. Upon visual inspection of inventory at these stores, Plaintiff discovered rice bearing what it alleges to be a counterfeit logo. Plaintiff alleges that Jamtan Market and Jamtan trading – both New York corporations controlled by Defendant Djalo – are selling the "counterfeit" rice. (Compl. ¶¶ 6, 12, 26, 28-29.) The bags containing Jamtan's rice are remarkably similar to those containing Three Elephants rice. Defendants' rice bags are displayed below:

 

(Kavin Aff., Docket # 19-1, at 9-10).

Plaintiff further alleges that Defendants sell Grade B jasmine rice – inferior in quality to and cheaper than the Grade A jasmine rice that plaintiff sells. (Compl. ¶ 27.)

Plaintiff filed this lawsuit on April 9, 2016 and alleges the following causes of action:

- Count I: false designation of origin and false descriptions under 15 U.S.C. 1125(a);

- Count II: trademark counterfeiting under 15 U.S.C. 1114(1)(a) and 1116(d);

- Count III: federal trademark infringement under 15 U.S.C. 1114(1)(a) and (b)

- Count IV: Misappropriation and unfair competition under New York common law, pursuant to this court's supplemental jurisdiction over state law claims.

(Compl. ¶¶ 33 – 47.)

On May 17, 2016, Defendants filed a motion to dismiss for failure to state a claim, arguing that (1) Counts II and III of the Complaint apply only to registered marks, and Plaintiff's mark was not registered at the time the Complaint was filed (Docket # 16 at 3), and (2) Plaintiff's claims against Defendant Djalo fail because Plaintiff has failed to allege that Djalo is a "moving, acting, conscious force" behind the alleged infringement. (Docket # 16 at 4 (citing *Church & Dwight Co., Inc. v. Kaloti Enterprises of Michigan, L.L.C.*, 2011 WL 4529605 (E.D.N.Y. 2011) (internal citation omitted))).

On May 21, 2016, Plaintiff filed a motion for a preliminary injunction to enjoin Defendants from selling bags of rice bearing the alleged counterfeit marks. (Docket # 18.) Both motions are now fully briefed.

## DISCUSSION

### I. Standard

#### A. Preliminary Injunction

In a case of trademark infringement, a party seeking a preliminary injunction must demonstrate: "(1) the likelihood of irreparable injury in the absence of such an injunction, and (2) either (a) likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation plus a balance of hardships tipping decidedly toward the party requesting the preliminary relief." *Zino Davidoff SA v. CVS Corp.*, 571 F.3d 238, 242 (2d Cir. 2009).

"In Lanham Act cases . . . where the plaintiff has a protected mark, 'a showing of likelihood of confusion establishes both a likelihood of success on the merits and irreparable

4

harm.'" *New Kayak Pool Corp. v. R & P Pools, Inc.*, 246 F.3d 183, 185 (2d Cir. 2001) (quoting *Hasbro, Inc. v. Lanard Toys, Ltd.*, 858 F.2d 70, 73 (2d Cir.1988)).

### B. Motion to Dismiss

To survive a motion to dismiss under Rule 12(b)(6), a complaint must include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). The court in *Iqbal* suggested a "two-pronged approach" for evaluating the sufficiency of a complaint. Under the first prong, a court should "choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. Under the second prong, "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

In considering a motion to dismiss pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint. *Rogers v. Blacksmith Brands, Inc.*, 2011 WL 6293764, at *4 (S.D.N.Y. Dec. 13, 2011) (citing *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010)). A district court may also consider a document that is not incorporated by reference, where the complaint " 'relies heavily upon its terms and effect,' thereby rendering the document 'integral' to the complaint." *Rogers*, 2011 WL 6293764 at *4 (quoting *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006)).

## II. Plaintiff Does Not Have Protectable Mark

The disposition of Plaintiff's motion for a preliminary injunction is exceedingly simple: the Three Elephants mark is a copy of the former flag of the Kingdom of Laos and therefore is not protectable (two grants of registration by the PTO notwithstanding).

It is axiomatic that a design comprising a flag cannot be trademarked. *See, e.g., De Nobili v. Scanda*, 198 F. 341 (W.D. Pa. 1912). "In determining whether a trademark simulates a flag, a court considers the trademark and the flag in a comparison 'of first impression ... without a careful analysis and side-by-side comparison.'" *Re/Max LLC v. M.L. Jones & Associates, Ltd.*, 2014 WL 7405461 (E.D.N.C. 2014) (quoting *In re Advance Indus. Sec., Inc.*, 1977 WL 22511 at 2 (T.T.A.B. 1977)). Here, a comparison of the former flag of the Kingdom of Laos (below left), and Plaintiff's Three Elephant mark (*see supra* at 2), demonstrates that the two are identical. As such, Plaintiff is not entitled to any federal trademark protection for this design.



---

[1] Former flag of the Kingdom of Laos; available at:
https://en.wikipedia.org/wiki/Flag_of_Laos#/media/File:Flag_of_Laos_%281952-1975%29.svg
(last accessed June 17, 2016).

In its reply motion, Plaintiff argues that this particular design was abandoned in 1975 by the new government of Laos. (Docket # 28 at 3.) But Plaintiff cites no case law to support its proposition that the design of an abandoned flag may be trademarked.

Such case law is unlikely to be forthcoming. The PTO's Trademark Manual of Examining Procedures states that "Section 2(b) of the Trademark Act, 15 U.S.C. §1052(b), bars the registration on either the Principal Register or the Supplemental Register of marks that consist of or comprise (whether consisting solely of, or having incorporated in them) the flag, coat of arms, or other insignia of the United States, of any state or municipality of the United States, or of any foreign nation." United States Patent and Trademark Office, Trademark Manual of Examining Procedure, Refusal on Basis of Flag, Coat of Arms, or Other Insignia of United States, State or Municipality, or Foreign Nation, 2016 WL 2725148, (April 2016), § 1204. "Section 2(b) also bars the registration of marks that consist of or comprise any simulation of such symbols. 'Simulation' refers to 'something that gives the appearance or effect or has the characteristics of an original item.' Whether a mark comprises a simulation must be determined from a visual comparison of the proposed mark vis-à-vis replicas of the flag, coat of arms, or other insignia in question." *Id.* (quoting *In re Waltham Watch Co.*, 179 USPQ 59, 60 (TTAB 1973)).

Section 1204.01(e) further states that "former flags of existing countries, states, or municipalities are refused under §2(b)." *Id.* §1204.01(e), Flags Not Presently Used as National Flags, 2016 WL 2725153.

Had the examining attorney at the PTO been presented – as I have – with both Plaintiff's proposed mark and the former flag of the Kingdom of Laos, the PTO undoubtedly would have refused the mark pursuant to section 2(b). The registration of Plaintiff's mark is invalid.

Absent a protectable mark, Plaintiff cannot demonstrate either "(a) likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation plus a balance of hardships tipping decidedly toward the party requesting the preliminary relief." *Zino Davidoff SA v. CVS Corp.*, 571 F.3d 238, 242 (2d Cir. 2009). Bangkok's motion for a preliminary injunction is denied.

Defendants move to dismiss Counts II and III because Plaintiff's mark was not registered at the time this action was filed. United States Code Title 15 Sections 1141(1) and 1116(d) – the statutory bases for Counts II and III – apply only to registered marks. *See Orb Factory, Ltd. v. Design Sci. Toys, Ltd.*, No. 96 CIV. 9469 (RWS), 1999 WL 191527, at *4 (S.D.N.Y. Apr. 7, 1999); 15 U.S.C. § 116(d) ("As used in this subsection the term "counterfeit mark" means-- (i) a counterfeit of a mark that *is registered on the principal register* in the United States Patent and Trademark Office ..." (emphasis added)).

That motion would ordinarily be granted without prejudice, since the mark has been re-issued.

However, in the absence of a protectable mark, I do not believe that Counts II and III can be prosecuted even though they comply with the registration requirement, and while Count I, a claim for false designation of origin pursuant to section 43(a) of the Lanham Act, 15 U.S.C. 1125(a), "may be asserted despite the lack of a registered trademark," *815 Tonawanda St. Corp. v. Fay's Drug Co.*, 842 F.2d 643, 646 (2d Cir. 1988), "it is common ground that . . . the general principles qualifying a mark for registration under § 2 of the Lanham Act are for the most part applicable in determining whether an unregistered mark is entitled to protection under § 43(a)." *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 768, 112 S. Ct. 2753, 2757, 120 L. Ed. 2d 615 (1992). Indeed, courts have routinely held that while § 43(a) permits a cause of action for a

mark that a plaintiff failed to register, no cause of action lies *where that mark could not otherwise be registered pursuant to § 2's standards. See e.g., In re Tam*, 808 F.3d 1321, 1344 at n.11 (Fed. Cir. 2015), *as corrected* (Feb. 11, 2016); *Yarmuth–Dion, Inc v. D'ion Furs, Inc.*, 835 F.2d 990, 992 (2d Cir.1987) (requiring a plaintiff to "demonstrate that his [unregistered] mark merits protection under the Lanham Act"); *Renna v. Cty. of Union, N.J.*, 88 F. Supp. 3d 310, 320 (D.N.J. 2014).

In *Renna*, the court specifically addressed the question of whether a mark that cannot be registered may nonetheless benefit from the protections of § 43:

> The Lanham Act protects unregistered marks to the same extent as registered marks because trademark rights emanate from use and not merely registration." *Duffy v. Charles Schwab & Co., Inc.*, 97 F.Supp.2d 592, 598 (D.N.J.2000). To put it another way, for a Section 43 action, registration is not a prerequisite. What is a prerequisite, however, is that the unregistered mark be a valid and protectable one. As to that issue, I think there is a difference between a mark that happens to be unregistered, and one that cannot be registered as a matter of law.
>
> Can a mark that is unregistrable under Section 2 of the Lanham Act nevertheless support a cause of action under Section 43? I am persuaded that Section 2 declares certain marks to be unregistrable because they are inappropriate subjects for trademark protection. It follows that such unregistrable marks, not actionable as registered marks under Section 32, are not actionable under Section 43, either.

*Renna v. Cty. of Union, N.J.*, 88 F. Supp. 3d 310, 320 (D.N.J. 2014)

I agree. Because Plaintiff's mark is not suitable for registration and registration's attendant protections, the mark also is not suitable for protections under § 43.

Plaintiff has 10 days to show cause as to why Counts I-III should not be dismissed on the ground that Plaintiff's mark is identical to the former flag of the Kingdom of Laos.

Count IV, for misappropriation and unfair competition under New York law, is asserted pursuant to this court's supplemental jurisdiction over state law claims. If the federal question claims are dismissed, I will decline to exercise supplemental jurisdiction over that claim in the

9

absence of some other basis for federal jurisdiction. None is alleged (*i.e.*, no allegation of diversity). If there is complete diversity, Plaintiff must tell the court now.

I will address Defendants' remaining arguments on the motion to dismiss if and only if Plaintiff persuades me not to toss this case altogether.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for a preliminary injunction is denied. Plaintiff is directed to show cause as to why the case should not be dismissed in its entirety by July 1, 2016. The Clerk of the Court is directed to remove Docket No. 18 from the Court's list of pending motions.

Dated: June 17, 2016

*[signature]*

U.S.D.J.

BY ECF TO ALL COUNSEL